Please report. Brad Bogan for John Navarro. So I'll go straight to the issues that the court directed the supplemental briefing on, whether Navarro's guilty plea can be sustained based solely under federal law, and also whether a defendant can be convicted under 2250A based only on an obligation to register under SORNA without a corresponding state obligation. And Shepard essentially answers both those questions. Shepard says that there's three requirements to be convicted under 2250A. The defendant has to have a state law sex offense requiring registration, which Navarro did, at least for a certain time period under 2250A. Number two, that he travels in interstate commerce, which Navarro did. He was convicted in Colorado and eventually made his way to Odessa, Texas. And then this is the key part, knowingly fails to register or update his or her registration as required by state law. And as the government points out in its supplemental brief, a SORNA requirement to register is essentially a requirement to register. It requires registration under state law. And the reason for that is that there is not actually a federal sex offender registry. Sex offenders do not register with federal authorities. Under the terms of SORNA, they are required to register in any state in which they live, work, or attend school. So if there is no state law obligation to register, then SORNA does not require that registration, and without that, the defendant is not guilty of an offense under 2250A. What about any requirement under the regulations, CFR regs for SORNA? Well, I don't remember specifically what the implementing regulations say, but under the terms of the statute, SORNA requires registration, and then the regulatory scheme is that a person registers with state authorities, because again, there is no federal registry as such. Now, states are required under the terms of SORNA to submit the information that they have in their state registries to the federal government so that the federal government can compile that information and make it available, but there's still no way for a person convicted of a state sex offense to actually register with the federal government. That registration obligation is with the state, and here, as the government has conceded in its motion to vacate, Navarro has not had an obligation to register under Texas law since sometime in 2011, the reason being that under the terms of Texas law, the Colorado offense for which he was convicted only requires registration of ten years under Texas law, and because he was being discharged his Colorado sentence in 2001, that means the Texas obligation expired in 2011, and so he was not required to register in Texas, and without that state law obligation, there is no corresponding federal obligation to register under SORNA, and therefore, no possibility of liability under 2250A for failing to register. Of course, I mean, 2250A says a person is guilty if he is required to register under SORNA, obviously spells it out, Sex Offender Registration Notification Act, no mention of state law, and if he knowingly fails to register or update a registration as required by SORNA, so that, that speaks to a requirement of SORNA, not of state law. Well, it does, except that the SORNA requirement to register is a requirement to register under, within the jurisdiction, meaning the state in which somebody lives, works, or attends school, and again, that's because there is no federal registry. There's no obligation under SORNA to visit the Department of Justice or the U.S. Marshals or whoever and register as a sex offender. The obligation under SORNA is an obligation to register under state law, and SORNA is kind of a convoluted scheme because of the way it's structured. It requires states to implement a SORNA-compliant registration scheme, and if they don't, then the federal government withholds certain criminal justice funding from the states, and then as part of that, SORNA requires defendants to register with the states, and that's why without that state law obligation to register, there is no SORNA obligation to register, and the decision, this Court's decision in Shepard, wouldn't have come out the way that it did if the absence of a state obligation to register didn't matter under 2250A because the entire issue in Shepard was whether his attorney had provided ineffective assistance of counsel by advising him when he pleaded guilty to a SORNA offense, misadvised him about his obligation to register under federal law. The attorney told Shepard that like he did have to register under Texas law, but in fact under Texas law as it evolved after Shepard was charged and before he pleaded guilty, there's a strong argument that he was not in fact required to register under Texas law, and because of that misadvice, this Court found that the attorney had provided ineffective assistance of counsel and granted Shepard's 2255 motion. So if a federal obligation to register under SORNA standing alone was enough to support a guilty plea, then Shepard doesn't come out the same way and the analysis in Shepard just doesn't make any sense. So Shepard supports the interpretation of SORNA, which is that again, the obligation to register under SORNA is an obligation to register under state law, so absent that state law obligation, there is no liability for failing to register under 2250A. All right. You've saved time for rebuttal. Thank you. Ms. Blatt? Good morning. May it please the Court. Mary Blatt for the United States is aptly in this matter. I, too, want to readdress the two issues that the Court left open for us with regard to our letter briefing. Based on the legally operative facts as we now know them, the government discovered that it no longer had confidence in the factual basis for the plea, and for that reason, we The overarching legal principle in this case is that Mr. Navarro had to have a duty to register as a sex offender in the state in which he lived, worked, or attended school. But because of the way that SORNA is written, every case becomes this unique mixture, a hybrid, if you like, of federal and state law, precisely because there is no federal sex registry. And when both are involved, as in this case, the interaction between the two systems is complicated and leads to some very counterintuitive results. Generally, with regard to SORNA, the analysis starts at the federal level. We first asked whether the defendant has an obligation to register under federal law. In other words, is his prior state offense a sex offense within the meaning of SORNA? And then we then determine whether, and if it is, we then determine which SORNA tier controls his sentencing. So Tier 1 holds a 15-year duty to register, Tier 2, 25, Tier 3, lifetime. But the duty is a duty under SORNA, the federal statute. Yes, that's the first level of the analysis. And initially, in our briefing, the government argued that Navarro's prior Colorado conviction fell within SORNA's Tier 2, the 25-year duty to register. The next step in this case is whether the prior conviction was substantially similar to a Texas offense that qualified as a sex offense under Texas law. And that substantial similarity test is something that is a creature of Texas law as opposed to the categorical analysis on the federal side. And again, and I think correctly, the government argued that Texas recognizes the Colorado statute as substantially similar to its felony offense of indecency with a child by contact. But the analysis in this case went one step further. And it went to the question of Texas tiering. In that case, it presented an issue to this court, which I don't think it's ever really looked at before, and that was whether the prior conviction was subject to the Texas tiering system. Would Texas require Navarro's name to be removed from the Texas sex registry 10 years after his release from parole for his prior conviction? Or would he be subject to the only other tier that Texas has, which is lifetime registration? And put into legal terms, the government asked this court to consider whether the state's tiering system can override SORNA's tiering, even though Texas recognizes the Colorado statute as substantially similar to its felony offense of indecency of contact with a child, and where it also recognizes that its own offense qualifies for tier two SORNA tiering. And in a circumstance where, at least on the federal side, with regard to SORNA, we don't care about attempts, conspiracy, solicitation. Those are not issues. In other words, what happened in this case is we're sort of in the position where the state tier is really trumping the federal tier. And that's a legal question, which we felt it was fair to present to the court at the time, based upon the facts that we knew. Once we discovered that there were actually facts which did not support the conviction, that's when we moved to vacate. And that's where we're at right now. If there are any questions for the court, I'm happy to answer them. All right. Thank you. Thank you. Anything for Mr. Boger? I don't have anything else unless the court has any other questions. All right. Thank you. Your case is under submission. Thank you. Appreciate both counsel being here.